*BREEDLOVE & AL.* vs. *WAMACK.*

APPEAL from the court of the eighth district.

MARTIN, J. delivered the opinion of the court. The plaintiffs claim the price of certain goods sold, and the reimbursement of advances

The principal cannot recall the approbation of a contract made by the agent contrary to his directions.

East'n District. for the value of 37 bales of cotton.
Feb. 1824.

BREEDLOVE
& AL.
vs.
WAMACK

The defendant pleaded the general issue, sett off and prayed judgment for a balance due him by the plaintiffs.

There was a verdict and judgment for the defendant, the plaintiffs appealed.

A. W. Breedlove deposed that the defendant delivered to the plaintiff, about the 12th of February 1819, thirty seven bales cotton to be sold on his account, on which they made him an advance of $2000. About the 25th of the same month they sold them at 23 cents the pound—one half in cash, and the balance in Torry's note at 60 days, endorsed by Kemble, and Kemble's note at the same term, endorsed by Torry. The cotton was left to be sold to the defendant's best advantage by the plaintiffs, as his general agents, the plaintiffs at the time, sold cotton of other persons, for the same payment, and these persons received accordingly said notes, on settling accounts with the plaintiffs. The sale was considered, at the time, as a good one, the makers and endorsers being in good credit and so considered by mercantile houses. The account of sales filed is a true one, and the plaintiffs

East'n District.
*Feb.* 1824.

BREEDLOVF
& AL.
*vs.*
WAMACK

delivered to the defendant blankets to the amount of $45.

Smelser proved the defendant's receipt for $2000, received in advance, and the delivery of a number of bales of cotton delivered by the defendant to the plaintiffs to be sold for him. The witness consigned cotton to the plaintiffs, about the same time, which they sold one third for cash and two thirds in Torry's notes, endorsed by Kemble, and Kemble's by Torry. He does not know whether the defendant limited the plaintiffs to cash sales, but he thinks not; as they had before made large sales for him, and he had the utmost confidence in their integrity and abilities. The witness considered the sale, made for him a good one, as to price; he knew nothing of the credit or solvency of Torry or Kemble; neither did he receive their notes, as the plaintiffs advances exceeded the amount of the sale. He heard the defendant say he received blankets of the plaintiffs, he thinks one bale— but he does not recollect the time. The defendant told the witness he intended drawing from the plaintiffs as much goods as he could.

Venis deposed that, after the sale of the defendant's cotton, he called on the plaintiffs to

East'nDistrict.
Feb.1824.

BREEDLOVE
& AL.
vs.
WAMACK

know whether the balance due to the defen-dant was ready; they said it was, and they would pay it to him, if he brought an order.

A. Wamack, the defendant's brother, de-posed he was present when the defendant left his cotton for sale with the plaintiffs. They made him the advance he requested; and were particularly required to sell for cash. They said they would effect the sale in three or four days.

On his cross examiation, the witness depos-ed, that, after waiting five or six days, the weather being unfavourable to the sales, the defendant told the plaintiffs he would return home: he requested an advance on the cotton, telling them they might sell it, as soon as the weather admitted. He named the sum, and received a check. The defendant instruct-ed the plaintiffs particularly to sell for cash, and as soon as possible. A part of the thirty seven bales belonged to the witness and his brother, the defendant, has accounted to him at the price, in the account of sales.

The reading of the deposition of A. W. Breedlove was opposed by the defendant's counsel, on the ground that no notice of time or place was given—the objection was

overruled, the court being of opinion that the service of a copy of the interogatories, made before the commssion issued, sufficed, in conformity with a rule of court of the 13th of September 1815. The counsel filed his bill of exceptions.

East'nDistrict.
Feb. 1824.
BREEDLOEE &
AL.
vs.
WAMACK.

A letter of the defendant to the plaintiffs, dated St. Helena, September 28—comes up with the record. He there observes that, in their letter of March preceding, they intimate a probability of their getting his money for his cotton, in six months, and prays that, if they have been so fortunate. they may send a quantity of goods specified, and the balance, by the bearer. He prays to be informed, and asks for a bale of blankets, promising to pay for it, at all events, on his coming to town.

The plaintiffs, in a letter to the defendant, dated New Orleans March 22d, observed that, desirous of a good price for his cotton, they held on it till 25th of February and sold it at 23 cents per pound, in cash for one third and the rest in Torry's notes endorsed by Kumble, and Kumble's by Torry, at 60 days--a sale considered by those of the friends they consulted, at the time, as a good one—that their expectation had however been disappointed; these

East'n District.
*Feb.* 1824.

BREEDLOVE
& AL.
*vs.*
WAMACK

men having failed within ten days—They mentioned other houses, who had trusted the insolvents; & gave an account of ineffectual measures, taken to secure the defendant and conclude with an expression of their belief that, within six months, the whole or a part of his claim will be obtained.

G. Dorfey deposed that Torry and Kumble were in good credit, at the time of the sale.

This case turns upon a question of fact—whether the defendant did not instruct the plaintiffs to sell the cotton *for cash.* This a witness positively swears to—the plaintiffs urge that the defendant's answer to their letters is evidence of the contrary, or at least of an approval by him of the credit given. A verdict has found that question against the plaintiffs, and they made no attempt to set it aside, in the district court. The circumstance of the testimony being taken by depositions places this case before us in a more favorable light for the plaintiffs, than it would be, if the jury had heard it *ex ore testium;* as they would, then have an advantage, which we should not.

Commission merchants must act in strict conformity to the orders of their employers—and

BREEDLOVE
& AL.
*vs.*
WAMACK

if they fail, courts connot avert the consequences of their inattention: but if the employer does not avail himself of the advantage this inattention gives him, and he approve of a contract, evidently made for his best advantage, tho' not strictly according to order, he cannot be allowed to recall his approval and insist on the flesh. The plaintiffs having announced the failure of the vendees of the cotton, and expressed a hope that within six months the whole or part of the money would be obtained —the defendant replied not, that he considered the sale as made contrary to his orders, and consequently for the plaintiffs' account, but desired that if their hopes were realized, the money received might be laid out in goods for him. Now, if a part of the debt, as was hinted, had been received from the insolvent's syndic, no matter how small, and this part had enabled the plaintiffs to purchase the goods called for by the defendant and sent to him, the plaintiffs might perhaps have successfully contended that the sale had been approved, not thrown upon their hands. Cases may be in which the owner of goods, not strictly sold according to order, may think, and find too, that his interest is to approve the sale. It is possible that a vendee, who may have suspended his

BREEDLOVE
& AL.
vs.
WAMACK.

payments, may be a more eligible debtor than the party who effected the sale. The owner of the goods has his choice, but one choice only. His election concludes him.

In the present case had the plaintiffs received the partial payment they had hinted at, employed it in the purchase of goods called for, and had the defendant received those goods—the sale would certainly be approved and the plaintiffs discharged, even if the estates of the insolvents yielded no further dividend.— Had the goods, so sold and sent, been lost, without any fault in the plaintiffs, it is not very clear the consequence would not be the same: and why all this? Because the defendant's letter would be evidence of his intention to receive his claim from the estate of the vendees, and consequently, of a ratification of the sale. It is not clear that, if it would be in either of these cases, it is not in the present—not clear enough to induce us to consider the verdict as conclusive.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, the verdict set aside and the case remanded with instructions to the judge to have it submitted to

a jury, as if no verdict had been given. It is further ordered that the costs of this appeal be borne by the defendant and appellee.

*M'Caleb* for the plaintiffs. *Preston* for the defendants.